IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Catlin Specialty Insurance Group, | ) | Civil Action No. 2:17-1528-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Lowcountry Oysters of Murrells Inlet, LLC, Lowcountry Oysters, LLC, Leslye Beaver, *and* Daniel Smith, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff Catlin Specialty Insurance Group's unopposed motion for judgment on the pleadings. For the reasons set forth below, the Court grants the motion.

I. **Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech., LLC*, 2:13-CV-281-PMD, 2013 WL 4585873 at * 1 (D.S.C. Aug. 28, 2013) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010)). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* at * 2 (quoting *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)).

Rule 12(c) motions limit the court's review to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964), and "any documents and exhibits attached to and incorporated into the pleadings," *Lewis*, 2013 WL 4585873 at * 1 (citing *Eagle*

*Nation, Inc. v. Mkt. Force, Inc.*, 180 F. Supp. 2d 752, 754 (E.D.N.C. 2001)). Like motions filed under Rule 12(b)(6), motions pursuant to Rule 12(c) call for the pleadings to be construed in the light most favorable to the non-moving party. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at * 2 (quoting *John S. Clark Co., Inc. v. United Nat'l Ins. Co.*, 304 F. Supp. 2d 758, 763 (M.D.N.C. 2004)).

## II. Discussion

Defendant Daniel Smith alleges that on December 31, 2013 he was a patron at the Big Beaver Bar in Murrells Inlet, South Carolina when "the Defendants' employees and/or patrons grabbed [him] and proceeded to physically injure [him]." (Dkt. Nos. 7 ¶ 11, 7-1 ¶¶ 10–11, 8 ¶ 6.) The defendants Mr. Smith refers to are the two LLCs that own and operate Big Beaver Bar and Leslye Beaver, the manager of both LLCs. In the underlying lawsuit, Mr. Smith asserts claims of negligence, negligent misrepresentation, negligent hiring, negligent supervision, negligent retention, and violation of the South Carolina Unfair Trade Practices Act against those defendants.

Plaintiff Catlin Insurance issued commercial general liability policy number 3900101189 to the LLCs for a period that includes December 31, 2013. That policy has an "Assault and Battery Exclusion" that provides:

> this policy does not apply to "bodily injury", "personal injury" or "property damage" arising out of an assault and battery or out of any act or omission in connection with the prevention or suppression of such acts, including the failure to warn, train or supervise, whether caused by or at the instigation or direction of the Insured, his employees, patrons or any other person.

(Dkt. No. 7-2.) In the present action, Catlin seeks a declaration that it has no duty to defend or indemnify the LLCs or Ms. Beaver (hereinafter, the "Underlying Defendants") because the Assault and Battery Exclusion applies and excludes Mr. Smith's claims from coverage.

Defendants do not deny that the policy contains the Assault and Battery Exclusion. (*See* Dkt. Nos. 8 ¶ 8 (Underlying Defendants' answer to the complaint), 25 ¶ 7 (Mr. Smith's answer to the complaint).) Further, the Underlying Defendants admit the allegations contained in paragraphs 19–20 and 23–25 of the complaint. (Dkt. Nos. 8 ¶¶ 6, 7, 9; 25 ¶ 5, 6, 8.) Paragraph 25 of the complaint alleges, "all of the Claimant's injuries arose out of an assault and battery—being 'grabbed' and 'physically injured'—or out of some action or omission in connection with the prevention, suppression or failure to protect or suppress an assault and battery." (Dkt. No. 1 ¶ 25.)

Defendants deny paragraph 26 of the complaint, which states, "Accordingly, the Claimant's injuries fall within the scope of the assault and battery exclusion," but that is a legal conclusion, not a factual allegation to admit or deny. Defendants have admitted all the factual allegations supporting that legal conclusion.[1] Moreover, Defendants have not opposed Plaintiff's motion for judgment on that legal conclusion. (*See* Dkt. No. 27 (joint status report reporting that no Defendant intends to make any further filing in this action).) The Court therefore deems it admitted that the Assault and Battery Exclusion applies to Mr. Smith's claims against the Underlying Defendants. Accordingly, the Court grants Plaintiff's motion for judgment on the pleadings.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) and **DECLARES** that under the assault and battery endorsement of commercial general liability policy 3900101189, in effect from September 27, 2013 through

---

[1] Mr. Smith asserts that that his injuries also arose from the failure to warn him of the danger of an assault and battery, but that assertion is immaterial because the Assault and Battery Exclusion explicitly applies to acts "including the failure to warn." Further, Mr. Smith admits that an assault and battery actually caused his injuries.

September 27, 2014, Plaintiff Catlin Specialty Insurance Company is not obligated to defend or to indemnify Defendant Lowcountry Oysters of Murrells Inlet, LLC, Lowcountry Oysters, LLC, and Leslye Beaver with respect to the claims in *Daniel Smith v. The Original Beaver Bar d/b/a The Beaver Bar, The Beaver Bar at The County Line d/b/a Big Beaver Bar, Foods of Myrtle Beach, Inc. and Leslye Beaver*, Civil Action No. 16-CP-22-01051 (S.C.C.C.P. (Georgetown County)).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 11, 2018
Charleston, South Carolina